UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER OLSON, individually and derivatively on behalf of YOUNG AMERICANS AGAINST SOCIALISM, INC., an Illinois not for profit corporation, | * * * * * | |
| Plaintiff, | * * | Civil Action No. 1:21-cv-11775-IT |
| v. | * * | |
| MORGAN ZEGERS, individually, | * * | |
| Defendant, | * * | |
| and | * * | |
| YOUNG AMERICANS AGAINST SOCIALISM, INC., an Illinois not for profit corporation, | * * * * | |
| Nominal Defendant. | * | |

MEMORANDUM & ORDER

February 11, 2022

TALWANI, D.J.

Plaintiff Peter Olson, individually and derivatively on behalf of Young Americans Against Socialism, Inc. ("YAAS"), brings claims against Defendant Morgan Zegers and against YAAS as a nominal defendant, alleging defamation, tortious interferences, breaches of contract and fiduciary duties, violation of Mass. Gen. Law ch. 272 § 99 (unauthorized recordings), and seeking declaratory relief, inspection, and accounting. Compl. [Doc. No. 1-4]. Pending before the court is Olson's Motion to Remand [Doc. No. 9], which asks the court to remand his claims to state court on the grounds that Defendants have not established the $75,000 in controversy required for diversity jurisdiction and that Defendants' Notice of Removal [Doc. No. 1] is untimely.

For the following reasons, the court determines that Defendants' Notice of Removal [Doc. No. 1] is untimely.

I.  **Discussion**

Olson contends that Defendants' Notice of Removal [Doc. No. 1] filed on October 30, 2021, is untimely because Zegers received the initial pleadings on July 19, 2021, and was formally served on September 21, 2021, but Defendants did not file the Notice of Removal [Doc. No. 1] until 103 days and 39 days later, respectively. Mot. to Remand 7 [Doc. No. 9]. Further, Olson argues that the court should disregard the September 30, 2020 date of formal process upon YAAS because Zegers's control over YAAS provided sufficient notice to YAAS when Zegers received service, and YAAS is a nominal defendant. Id. at 8. Defendants contend that the calculation for determining timeliness should be based upon the date of the "last served" defendant, and removal is timely because Defendants filed the Notice of Removal [Doc. No. 1] within thirty days of YAAS being served. Opp'n to Pl's Mot. to Remand 5-6 [Doc. No. 11].

Under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed in the district court "within 30 days after *the receipt by the defendant, through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1) (emphasis added). However, the Supreme Court foreclosed Olson's first argument—that receipt alone may trigger the time to remove—in Murphy Bros. v. Michetti Pipe Stringing, Inc., which holds that "mere receipt of the complaint unattended by any formal service" is insufficient to trigger a defendant's time to remove the matter to federal court. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Therefore, Zegers's receipt of the initial pleadings on July 19, 2021, absent formal service, did not trigger her time for removal.

Olson's second argument—that notice is untimely because service upon Zegers on September 21, 2021, constitutes sufficient notice upon YAAS due to her control over the non-profit—fares no better. Section 1446 provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal," 28 U.S.C. § 1446(b)(2)(B), and "[i]f defendants are *served* at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal," id. § 1446(b)(2)(C) (emphasis added). Olson's contention, citing no case law, that Zegers's control over YAAS provided sufficient notice does not defeat the statutory requirement of *service* upon a defendant before its time to remove begins.

Olson's third argument—that the court should disregard the date of formal process upon YAAS in its consideration of whether the removal was timely because YAAS is a nominal defendant—has merit. The "last served" defendant approach codified in § 1446(b)(2)(B) "provides for equal treatment of all defendants in their ability to obtain Federal jurisdiction over the case against them." H.R. Rep No. 112-10, at 14 (2011). That approach is consistent with "[t]he rule of unanimity," which "gives each defendant an absolute veto over removal." Garside by Garside v. Osco Drug, Inc., 702 F. Supp. 19, 21 (D. Mass. 1988).

However, "a very important exception is that nominal or formal parties should be disregarded for purposes of the unanimity rule" to ensure that only parties with a palpable interest in the outcome of the case determine whether a federal court will hear the case. 14C Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3730 (4th ed. 2021); see id. § 3731 (noting the "statutory requirement that all properly served defendants who are *not* nominal parties must join in the notice of removal" (emphasis added)); Banks v. Saba, 2021 WL

3

4342098, at \*6 (D. Mass. Sept. 23, 2021) ("[i]t is well-established that 'all the defendants who are necessary and *not merely nominal parties* must be joined in the removal proceedings'") (quoting Bailen v. Deitrick, 84 F.2d 375, 375-76 (1st Cir. 1936) (emphasis added)); Abdullah v. Am. Prod. Co., 661 F. Supp. 2d 84, 85 (D. Mass. 2009) (allowing the last served defendant to file a notice of removal "ensure[s] that all *qualified* defendants have the opportunity to try to remove a case to federal court") (emphasis added). Thus, a nominal defendant whose consent for removal is not required may not invoke § 1446(b)(2)(C) to save a notice of removal that would otherwise be untimely.

The parties in this case do not dispute that YAAS is a nominal defendant. Therefore, service of YAAS does not restart the thirty-day clock once it has already expired. There is also no dispute that Zegers was formally served on September 21, 2021. Accordingly, Defendants' Notice of Removal [Doc. No. 1], filed October 30, 2021, is untimely.

II.     **Conclusion**

For the foregoing reasons, Olson's Motion to Remand [Doc No. 9] is GRANTED.

IT IS SO ORDERED.

February 11, 2022                                               /s/ Indira Talwani
                                                                United States District Judge